UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LUIS SANCHEZ                                              CIVIL ACTION

VERSUS                                                    NUMBER: 19-11232

CHEVRON NORTH AMERICA EXPLORATION                         SECTION: "J"(5)
AND PRODUCTION COMPANY

### ORDER AND REASONS

Before the Court is Plaintiff's motion for reconsideration of the Court's order of July 20, 2020 (rec. doc. 45) granting as unopposed the third Rule 12(b)(6) motion to dismiss of Defendant, Chevron North America Exploration and Production Company ("Chevron"). (Rec. doc. 46). The motion for reconsideration is opposed. (Rec. doc. 49). For the reasons that follow, it is ordered that Plaintiff's motion for reconsideration is granted, as is the Defendant's motion to dismiss are granted and that Plaintiff's suit is dismissed pursuant to Rule 12(b)(6) and 41(b) of the Federal Rules of Civil Procedure.

The procedural history of this case is tortured indeed. It began with the filing of a 30-page complaint by Plaintiff that was essentially a lengthy amalgam of petty grievances and conclusory statements and which, as pled by him, did not pass muster under the requirements of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (Rec. doc. 1). Following initial service delays and the placement of the case on the Court's call docket (rec. docs. 3, 8, 9, 10), Chevron filed its first Rule 12(b)(6) motion to dismiss, which was heard on January 15, 2020 after being fully briefed by the parties. (Rec. docs. 11, 18, 21, 23). On January 30, 2020, the Court issued a written ruling on Defendant's first motion to dismiss, affording Plaintiff one opportunity to amend his

complaint as a lesser sanction for untimely service in lieu of dismissing the case. (Rec. doc. 24). In doing so, the Court expressed significant concerns about the adequacy of the factual allegations in Plaintiff's complaint, even identifying specific examples of those that were vague and/or non-actionable, (*id.* at pp. 12-15), but ultimately gave him the benefit of the doubt and afforded him one opportunity to amend.

On February 13, 2020, Plaintiff filed his first supplemental and amended complaint in response to the Court's order. (Rec. doc. 27). Rather than submitting a more concise and comprehensible pleading, Plaintiff's amended complaint ballooned from 30 to 39 pages, including 10 pages of facts that clearly fell outside of the applicable limitations period. (*Id.*). On February 18, 2020, the Court entered an order striking Plaintiff's first amended complaint as violative of both Rule 8's requirement of a short and plain statement of the claim and the Court's order and reasons of January 30, 2020. (Rec. doc. 29). Plaintiff was thus given until March 11, 2020 within which to properly amend his complaint. (Rec. doc. 30). Plaintiff subsequently filed a 28-page first supplemental and amending complaint on March 10, 2020. (Rec. doc. 31).

Not unexpectedly, on March 23, 2020, Chevron filed its second Rule 12(b)(6) motion, arguing that Plaintiff's most recent pleading did not comply with the Court's previous orders and that the complaint as amended otherwise pled non-viable causes of action. (Rec. doc. 32)[1]/ Following additional briefing by the parties (rec. docs. 34, 37), on May 8, 2020, the Court issued a written opinion on Defendant's second motion to dismiss,

---

[1]/ Among the non-viable causes of action identified by Defendant were a "pattern and practice of race discrimination, harassment, and retaliation" under 42 U.S.C. §1981 and a "pattern and practice of race and national origin discrimination, harassment, and retaliation" under Title VII. (Rec. doc. 3, pp. 25, 26). "Pattern or practice" liability is not a separate cause of action but is simply one method of proving discrimination in class-action suits. *Rogers v. Pearland Independent School District*, 827 F.3d 403, 407-008 (5th Cir. 2016). "[T]he pattern-or-practice method of proving discrimination is unavailable in a private, non-class action …" like this one. *Id.*

2

agreeing that the most recent iteration of Plaintiff's pleading ran afoul of its previous orders but nevertheless granting him one <u>last and final</u> opportunity to adequately plead whatever it was that he was trying to plead, providing him with specific "plead-by-numbers instructions" and imposing a 15-page limit. (Rec. doc. 38). The order also directed Plaintiff's counsel to show cause why she and/or Plaintiff should not be monetarily sanctioned for repeatedly failing to comply with Rule 8 and the Court's orders. (*Id.*). Inexplicably, or perhaps not so given the history of this case, what Plaintiff subsequently filed, without first seeking leave to do so, was a second supplemental and amending complaint which exceeded the Court-imposed page limitation and which suffers from the same infirmities as his previous pleadings in terms of the inclusion of unnecessary and time-barred factual allegations under ill-defined and lumped-together causes of action. (Rec. doc. 41). Predictably following in the wake of Plaintiff's second supplemental and amending complaint was the filing of Chevron's third motion to dismiss, which it noticed for submission on July 1, 2020. (Rec. doc. 44). When Plaintiff failed to formally oppose that motion within the time prescribed by Local Rule 7.5, the Court granted the motion as both unopposed and on the merits on July 20, 2020. (Rec. doc. 45). That resulted in the motion for reconsideration that is presently before the Court as well as additional briefing from the parties on Chevron's third motion to dismiss. (Rec. docs. 46, 49, 53).

Motions for reconsideration are not recognized by the Federal Rules of Civil Procedure but are nevertheless to be considered under Rules 54(b), 59, or 60. *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994); *Castrillo v. American Home Mortgaging Service, Inc.*, No. 09-CV-4369, 2010 WL 1424398 at *3-4 (E. D. La. Apr. 5, 2010).

Rules 59 and 60, however, apply only to final judgments. *Mitchell v. Amica Mutual Ins. Co.*, No. 14-CV-2766, 2015 WL 9488457 at *3 (E.D. La. Dec. 30, 2015). Thus, when a party seeks reconsideration of an order that adjudicates fewer than all of the claims among the parties, Rule 54(b) controls. *Gulf Fleet Tiger Acquisition v. Thoma-Sea Ship Builders*, 282 F.R.D. 146, 152 (E.D. La. 2012). In the Eastern District, the general practice has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment. *Id.* at 152 n. 40; *Castrillo*, 2010 WL 1424398 at *4 n. 54. A Rule 59(e) motion calls into question the correctness of a judgment, and courts have considerable discretion in deciding whether to grant or deny such a motion. *Gulf Fleet*, 282 F.R.D. at 152 (internal quotations and citations omitted). In exercising this discretion, courts must carefully balance the interests of justice with the need for finality. *Id.* Courts in the Eastern District generally consider the following four factors in deciding a motion under the Rule 59(e) standard:

1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

2) the movant presents newly discovered or previously unavailable evidence;

3) the motion is necessary in order to prevent manifest injustice; or

4) the motion is justified by an intervening change in controlling law.

> *Gulf Fleet*, 282 F.R.D. at 152-53 (citing *Castrillo*, 2010 WL 1424398 at *4)

Rule 59(e) serves the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. *Advocare Int'l, LP v. Horizon Labs, Inc.*, 524 F.3d 679, 691 (5th Cir. 2008). "'Manifest error' is one that 'is plain and indisputable, and that

4

amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 200)(quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st. Cir. 2004)).  In the Fifth Circuit, altering, amending, or reconsidering a judgment "... is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir.), *cert. denied*, 543 U.S. 976 (2004)(citations omitted).  While district courts are vested with "... considerable discretion in deciding whether to grant or deny a motion to alter a judgment," denial is favored.  *Crain v. Schlumberger Technology Co.*, No. 15-CV-1777, 2016 WL 4508335 at *1 n. 9 (E. D. La. Aug. 2016)(citing *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995)).  "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Blythe v. Offshore Service Vessels, L.L.C.*, 423 F.Supp.3d 299, 304 (E.D. La. 2019).

Plaintiff's reliance on Rule 60 is unavailing here as no final judgment has been entered that adjudicates all claims between the parties.  His motion for reconsideration otherwise fails to satisfy the demanding requirements needed to obtain relief under Rule 59(e).  Nevertheless, because other independent, adequate reasons exist for dismissing Plaintiff's lawsuit, the Court grants his motion for reconsideration and proceeds to those other grounds.[2]

In addition to its Rule 12(b)(6) defense, the overarching theme in Defendant's most recent motion to dismiss is Plaintiff's repeated failure to comply with the Court's previous orders.  On that point, the Court readily agrees.  Among the instructions that the Court provided Plaintiff in its order and reasons of May 8, 2020 was the simple directive that his

---

[2] In its response in opposition to Plaintiff's motion for reconsideration, Defendant expressly disavows any interest in recouping the costs and attorney's fees it incurred in responding to the motion. (Rec. doc. 49, p. 2).

amended complaint be 15 pages or less.  (Rec. doc. 38,  p. 5).   That Plaintiff was simply unwilling to comply with that simple requirement, even after being ordered to show cause why he and/or his counsel should not be assessed a sanction of $1,000 in attorney's fees and costs for repeatedly failing to comply with Rule 8 and the Court's previous orders of February 18, 2020 and January 30, 2020, demonstrates a complete and abject disregard for the orders of the Court.  In that regard, it is well-established that Rule 41(b) of the Federal Rules of Civil Procedure vests trial courts with the authority, subject to review for abuse of discretion, to dismiss an action *sua sponte* based on a plaintiff's failure to prosecute or to comply with any order of the court.  *Simmons v. Jackson*, No. 15-CV-1700, 2019 WL 360636 at *4 (N.D. Tex. Jan. 4, 2019), *accepted*, 2019 WL 358751 (N.D. Tex. Jan. 20, 2019)(citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962) and *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998)).  In *Simmons*, dismissal under Rule 41(b) was found to be warranted where the plaintiff failed to comply with a court order, issued in response to "prolix" pleadings which made unnecessarily difficult an evaluation of the sufficiency of his claims, directing him "… to state his claims succinctly …" and "… reasonably limited Plaintiff to [an amended complaint of] 20 pages."  *Id.*  In *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998), the Fifth Circuit found that the trial court had "… acted well within the bounds of its discretion …" in dismissing a prisoner's civil rights lawsuit after he failed to file a new application to proceed *in forma pauperis* with a certification of his inmate trust account despite being given warnings and a period of four months within which to comply.   In this case, Plaintiff was first alerted to the deficiencies in his complaint in January of this year but despite two subsequent warnings,[3/] specific instructions on how

---

[3/] In the most recent of those warnings the Court pondered whether the continued pleading deficiencies were

to remedy his pleadings, and the passage of over four months he could not even comply with the most simple, rudimentary requirement of a page limitation. Dismissal of this matter for that reason alone is justified here. *Simmons*, 2019 WL 360636 at *4.

The second instance of non-compliance identified by Defendant centers on Plaintiff's failure to comply with the Court's clear pleading instructions that directed him to first decide what causes of action he wished to plead. (Rec. doc. 38, p. 4). In doing so, the Court alerted Plaintiff to the fact that race discrimination, hostile work environment, and retaliation were all separate causes of action that must be pleaded separately, not lumped together as a single cause of action under a particular statute as he had done. (*Id.*). Rather than complying with that straightforward directive, Plaintiff's second supplemental and amending complaint, while purporting to identify certain causes of action, begins with the following:

**NATURE AND CAUSES OF ACTION**

1. The First Cause of Action is under Title VII of the Civil Rights Act of 1964 ("Title VII"), Title I of the Civil Rights Act of 1991, and

2. The Second Cause of Action is 42 U.S.C. §1981 as amended

(Rec. doc. 41, p. 1).

Following this assertion, Plaintiff offers that "[b]oth causes of action are to correct unlawful employment practices on the basis of national origin, race, a hostile work environment, retaliation, [and] a retaliatory hostile work environment …," and "… that all paragraphs in the complaint are interrelated in the establishment of the hostile work

---

the result of counsel engaging in some kind of "war of wills" as opposed to lack of effort. (Rec. doc. 38, pp. 3-4).

environment claims." (*Id.* at p. 2).[4]  After sections of the pleading directed to jurisdiction and venue, a description of the parties, and prior administrative proceedings, Plaintiff provides a "statement of claims" in which he recounts a number of incidents that do not on their face raise a plausible inference that actual decisionmakers took any adverse employment against Plaintiff based on his race, national origin, or in retaliation for engaging in protected activity. (*Id.* at pp. 4-5).  Contrary to the Court's previous instructions against pleading time-barred allegations, Plaintiff then proceeds to provide a "reservation of rights background information" for 42 U.S.C. §1981 limitations purposes and reportedly supporting his hostile work environment claims. (*Id.* at p. 5).  And rather than heeding the second and third directives of the Court's "plead-by-numbers" instructions, Plaintiff persists in lumping allegations together as follows and without clearly delineating which factual allegations pertain to which cause of action:

**CLAIMS OF RACE AND NATIONAL ORIGIN DISCRIMINATION WITHIN THE FOUR YEAR NATIONAL ORIGIN DISCRIMINATION WITHIN THE FOUR YEAR <u>42 USC 1981</u> STATUTE OF LIMITATIONS AND BACKGROUND INFORMATION FOR TITLE VII HOSTILE WORK ENVIRONMENT CLAIMS <u>BASED ON RACE AND NATIONAL ORIGINS</u>**

(*Id.* at p. 6).

Plaintiff's continued assertion of national origin discrimination under §1981 is particularly troublesome as he was previously alerted that no such claim lies under that statute. *Nnadozie v. Genesis Healthcare Corp.*, 730 Fed.Appx. 151, 156-57 (4th Cir. 2018); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1053 (8th Cir. 2011); *El-Zabet v. Nissan North America, Inc.*, 211 Fed.Appx. 460, 462 (6th Cir. 2006); *Morey v. Carroll County Gov't*, No. 17-

---

[4] Plaintiff persists with this line of pleading despite being alerted earlier on in the case that the causes of action are separate and distinct.

CV-2250, 2018 WL 2064782 at *13 (D. MD May 3, 2018). That fact notwithstanding, elsewhere in his complaint Plaintiff appears to variously identify his national origin as American (¶16, 24(f)) and as Puerto Rican. (¶23). Plaintiff also repeats allegations that the Court previously identified as petty and non-actionable grievances. (Compare rec. doc. 24, pp. 13-14 with rec doc. 41, pp. 6-8). And despite the Court's specific admonition that Plaintiff not plead facts outside the relevant statute of limitations (rec. doc. 38, p. 5), Plaintiff forges ahead and repackages the stale factual matters as a long-running hostile work environment even though he did not separately plead a hostile work environment claim as he was instructed to do. Instead, Plaintiff amalgamates the allegations in collective support of all of his putative causes of action.

The fifth "plead-by-numbers" instruction provided to Plaintiff by the Court was that he identify each actor whose conduct was pleaded and explain in sufficient detail why that conduct is actionable and/or important. (Rec.doc. 38, p. 5). Despite that directive, Plaintiff continues to advance allegations against co-workers that do not raise a plausible inference that actual decisionmakers took any adverse employment action against him based on his race, national origin, or in retaliation for engaging in protected activity. By way of example, Plaintiff identified Kevin Tauzier as the supervisor who oversaw the department where he worked, determined promotions, made certain hiring and firing recommendations, and took other employment-based actions but he does not specifically allege that Tauzier made any of the alleged race-based comments or insults set forth in his amended pleading. In any event, the comment attributed to Tauzier by Plaintiff does not, on its face, support an inference that discriminatory or retaliatory motives were the reasons undergirding his alleged distaste for Plaintiff. Additionally, Plaintiff alleges that Jeff Pope had supervisory

9

authority over and participated in promotion decisions regarding him but he does not specifically identify and allege that concrete personnel actions were made with discriminatory or retaliatory intent or even with an awareness that Plaintiff had engaged in protected activity. The Court previously expressed grave concerns over the actionable nature of these allegations in passing upon the sufficiency of Plaintiff's original complaint. (Rec. doc. 24, p. 13). That Plaintiff has been unwilling to heed the Court's advices on pleading separately valid causes of action despite being given several opportunities only underscores what has now become obvious: that he is unable to do so.

As the Court previously noted earlier in this case, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In a case such as this one, a plausible claim for relief ultimately requires facts supporting a causal link between Plaintiff's race, national origin, or protected activity and an actionable adverse employment action or pervasive and extreme harassment. *English v. Perdue*, 777 Fed.Appx. 94, 97 (5th Cir. 2019). Rather than separately pleading causes of action supported by distinct fact patterns, Plaintiff cobbles together disparate grievances against co-workers with no supervising authority over him as well as complaining of comments that were made entirely out of his presence. Federal anti-discrimination laws are not a general code of civility. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). Considering the factors identified by the Supreme Court, *id.* at 787-88, the conduct complained of by Plaintiff is not so sufficiently severe or pervasive so as to alter the conditions of his employment and to create an abusive working environment. Simply put, the style of pleading employed by Plaintiff has presented the Court a Gordian Knot of

allegations, from which a plausible cause of action cannot be readily discerned. Accordingly, Plaintiff's lawsuit is dismissed pursuant to Rules 12(b)(6) and 41(b) of the Federal Rules of Civil Procedure. Judgment will be entered accordingly.

New Orleans, Louisiana, this __12th__ day of ____November____, 2020.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE